STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

| McCullough Crushing, Inc. A250 Expansion | Docket No.  3-1-10 Vtec |
|---|---|
| McCullough Crushing, Inc. Amended CU | Docket No. 179-10-10 Vtec |

Decision on Motions to Alter/Amend

McCullough Crushing, Inc. (MCI) seeks an Act 250 land use permit amendment and municipal conditional use approval for the expansion of an existing quarry operation in Calais, Vermont.  MCI's Act 250 permit and conditional use applications were appealed to this Court and we coordinated our review in a multi-day trial.  On June 24, 2016, we issued a decision on the merits approving, with conditions, the Act 250 permit amendment and conditional use applications.

Now before the Court are motions to alter and amend our decision in both matters filed by MCI and by a group of neighbors opposed to the project (collectively, Appellants).  The motions to alter and amend solely concern Condition #2 of our decision, which states, "The Western Expansion must preserve the existing tree line within the Rathburn field. MCI shall maintain, at a minimum, a 30-foot setback from the height of land and/or tree line, whichever limitation imposes a more north and easterly limit on the Western Expansion."

MCI argues that an amended decision is needed to clarify Condition #2 because it is unclear what natural features the Court intended to be the limitation for the western expansion area of the proposed operation.  MCI also suggests that Condition #2 unreasonably restricts the extraction operation as it will only allow a small percentage of the material that was originally sought by the proposed project to be extracted.  Appellants assert that an amended decision is necessary and that the evidence should be reopened to allow Appellants to present necessary evidence to clarify and effectively implement Condition #2, including a revised site plan to effectively mark the expansion limit and buffer, evidence about the adequacy of the 30-foot buffer to preserve the tree health, and evidence concerning replanting requirements should parts of the required buffer be impacted.  Appellants also request that we remand the matter to the District #5 Environmental Commission and the Calais Development Review Board so they may reissue the Act 250 and conditional use permits incorporating the clarified condition.

Rule 59(e) gives this Court broad power to alter or amend a judgment "if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996); Reporter's Notes, V.R.C.P. 59(e).  There are four principal reasons for granting a Rule 59(e) motion: (1) "to correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening

change in the controlling law." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2810.1; see In re Zaremba Group Act 250 Permit, No. 36-3-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (reviewing Rule 59(e) motion using the four factors outlined in the federal rule). A motion to alter or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly." Zaremba, No. 36-3-13 Vtec, at 2 (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1). Rule 59(e) motions are not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law, and a motion to alter or amend will be denied where it merely repeats arguments that have already been raised and rejected by the Court. See 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d § 2810.1.

Central to both parties' motions is the request to alter our decision in order to clarify Condition #2. In our merits decision, we were limited by the evidence provided and attempted to craft a written condition that would effectively mitigate the adverse impacts of the quarrying operation. We are not opposed to allowing limited additional evidence to clarify Condition #2 and to ensure that all parties agree on the actual on-the-ground delineation of the western expansion parcel limits. To this end, the parties have entered into a stipulated settlement agreement that clarifies Condition #2. The settlement includes a site plan, last revised February 9, 2017, which depicts the 30-foot buffer zone. The settlement further calls for the pit expansion and related buffer zone to be surveyed, and for that survey to be filed with the Town of Calais and to become an exhibit to the Act 250 and conditional use approvals. The actual buffer area will also be physically marked consistent with the survey. MCI will maintain the buffer area under the terms of the settlement agreement.

In light of this agreement, the motions to alter are **GRANTED** in part insofar as they seek to clarify Condition #2 and admit the revised site plan depicting Condition #2 into evidence. We will issue an amended decision incorporating and referencing the settlement agreement and site plan.

Beyond the question of clarification, Applicant suggests that Condition #2 is overly restrictive, while Appellants claim that it is insufficient. We disagree with both parties, and to the extent the parties' motions ask us to curtail or expand the condition, those requests are **DENIED**. This includes Appellants' request to allow additional evidence concerning the adequacy of the buffer to preserve tree health and appropriate replanting plans. Our approval requires MCI to maintain the tree line and a 30-foot buffer consistent with the terms of the settlement agreement. If MCI negatively impacts the buffer or tree line it will have violated Condition #2. While Appellants may wish to impose greater limitations on the quarry operation, our intent in Condition #2 was not to eliminate any and all view or noise from the operation; but rather, to appropriately mitigate the quarry's impact on the Rathburn Field area and the area of Balentine and Batten Roads. Appellants have not demonstrated that Condition #2 fails to do this, and thus, we deny the remainder of their motion to alter and amend.

An Altered Merits Decision and Altered Judgment Order accompanies this Entry Order. This concludes the matter before the Court.

Electronically signed on February 16, 2017 at 10:50 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division